Weygandt, C. J.
The appellants’ first complaint is that the proceeding in the trial court was not commenced properly at the time the motion to dismiss the appeal was filed, inasmuch as one of the named defendants had not been served with process.
It is agreed that Blanche Long had been deceased since April 29, 1952, and, before ruling on the motion to dismiss, the court found that she had no interest whatsoever in the property. Hence, this contention is without merit.
The appellants state that the real question in the case is whether the trial court was in error in dismissing their appeal because it was not filed within the statutory period of ten days.
Section 5519.02, Revised Code, as then in effect, read in part as follows:
“If any owner of property appropriated by the Director of Highways is not satisfied with the amount of money as fixed by the director, such owner may, within ten days after the service of said notice, or within 15 days after the date of publication, if service is made by publication, file a written petition, in duplicate, in the court, setting forth an intention to appeal from the amount so fixed.” (Italics supplied.)
The appellants say they do not contend that this statute was unconstitutional but rather that the trial court gave the statute an unconstitutional construction. They, insist that the ten-day limitation was not mandatory, and that the trial court *519 should have held the provision merely directory and should have accorded them an extension to file their petition within 12 days. One difficulty with this contention is the fact that the appellants made no request for an extension. Hence, the precise question is whether the trial court was in error in not extending the statutory period in the absence of a request therefor. A majority of the members of this court hold that the action of the trial court was not erroneous under the circumstances even if it be conceded that the limitation was merely directory.
The sole excuse offered by the appellants for their failure to file their petition within the 10-day period is that under the provisions of Section 5519.01, Revised Code, the notice served on the landowner must inform him as to the time within which an appeal may be filed, and this, they insist, was not done in this instance. That the appellants are wholly mistaken and that this contention is of no merit whatsoever is demonstrated conclusively by the fact that each summons distinctly contains the required statutory warning “that unless they appeal within ten days from the date of service of this summons they will be deemed to have waived their right to appeal and judgment will be rendered accordingly. ”
A study of the record discloses that the appellants’ failure to file their petition within 10 days and their failure to request an extension thereof were not their only omissions.
Section 5519.02, Revised Code, required that a bond “shall” be filed within five days after the court determines the amount thereof. For some unexplained reason nearly two months elasped before the appellants filed their bond in the nominal sum of $200.
Furthermore, on June 11, 1957, at the time of the hearing on the motion to dismiss the appeal, the court noted on its journal that “the matter is continued to permit appellants to file brief within 15 days from date.” However, such brief was not filed within the 15 days or at any other time. More than two months thereafter the court noted further on its journal that “a continuance was granted for the purpose of permitting appellants to file a brief within 15 days of date of hearing, said date being June 11,1957. Said brief has not been filed. Therefore, the court being fully advised in these premises finds the motion well taken.
*520 “It is therefore, ordered, adjudged and decreed that the appeal of the appellants Charles Long and Edgar Long be dismissed and that said appeal hereby is dismissed. ’ ’
The record speaks for itself, and instead of being criticised, it would seem that the trial court should be commended for its patience and for the consideration accorded the appellants. The Court of Appeals was not in error in affirming the judgment of the Court of Common Pleas.

Judgment affirmed.

Zimmerman, Matthias and Herbert, JJ., concur.
Stewart, Taft and Bell, JJ, dissent.